■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ZAIRE, Appellant. [999 NYS2d 78]—

Order, Supreme Court, New York County (Patricia Nunez, J.), entered on or about December 18, 2012, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly assessed points under the risk factor for the victim's physical helplessness during the rape, because she was handcuffed and her mouth was taped shut, rendering her unable to communicate consent (see Penal Law § 130.00 [7]; People v Teicher, 52 NY2d 638, 649 [1981]). The court also properly assessed points for unsatisfactory conduct while confined, including sexual misconduct, since reliable documents showed defendant engaged in an act of lewdness directed at a female officer, as well as committing many other infractions (see People v Birch, 99 AD3d 422 [1st Dept 2012], lv denied 20 NY3d 854 [2012]). To the extent defendant is challenging any other point assessments, we find those challenges unavailing.

The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant, including his age (mid 50s) and lack of a prior criminal record, do not warrant a downward departure in light of the seriousness of the underlying offense, which was a heinous crime of predatory violence. Concur—Acosta, J.P., Moskowitz, Richter, Feinman and Clark, JJ.